IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATHAN TAYLOR,

    Petitioner,

v.                                 Civil Action No. 5:10CV2
                                   (Criminal Action No. 5:07CR8)
UNITED STATES OF AMERICA,                      (STAMP)

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Procedural History</u>

The petitioner, Nathan Taylor, appearing <u>pro se</u>,[1] filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The Court referred this case to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). In his petition, the petitioner asserts multiple claims for relief. Specifically, he contends: (1) this Court erred in admitting the firearm into evidence because it was obtained in an unconstitutional automobile stop; (2) the evidence was insufficient to convict him of possessing a firearm; (3) he only pled guilty because of the government's oral promise to permit him to enter a conditional plea

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1341 (9th ed. 2009).

that permitted later appeal of the suppression issue; (4) his plea was not knowing and voluntary; (5) his counsel's pretrial preparation was inadequate; and (6) his counsel had a conflict of interest. The petitioner alleges that his counsel was inadequate because he failed to investigate the facts, he failed to consult extensively with the petitioner, he did not investigate potential defenses, he failed to reserve the right to appeal, and he lied to the petitioner to encourage him to plead guilty. The government filed a response addressing these claims.

The petitioner did not file a reply, but instead filed a motion to amend and supplement his § 2255 motion, in which he reiterates the claims previously made in his § 2255 motion and provides additional case law in support. Magistrate Judge Joel granted the petitioner's motion and directed the government to respond to the amended complaint. In its second response, the United States argues that regardless of whether the petitioner had standing to challenge the search of the vehicle, the search was lawful. The government also reiterates its argument that the petitioner, by pleading guilty, waived his right to further challenge the traffic stop.

The magistrate judge entered a report and recommendation recommending that the petitioner's petition be denied and that it be dismissed with prejudice. The magistrate judge concluded that the petitioner's claims regarding the admission of the firearm into

evidence, the unconstitutional automobile stop, the government's promise to permit him to enter a conditional plea, and that his plea was not knowing and voluntary are barred by the petitioner's valid waiver. As to the ineffective assistance of counsel claims alleging deficient pretrial preparation and a conflict of interest, the magistrate judge found these claims to be merely bare allegations, unsupported by any facts. In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendation within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner did not file objections.

## II. Facts

On May 7, 2007, the petitioner entered into a plea agreement by which he agreed to plead guilty to violating Title 18, United States Code, Section 922(g)(1), being a felon in possession of a firearm. As part of the plea agreement, the petitioner waived his right to appeal and his right to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver of appellate rights and post-conviction relief rights:

> 10. Mr. Taylor is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal the sentence or challenge the sentence (or the manner in which it was determined) in any collateral attack,

> including, but not limited to, a motion brought under Title 28, United States Code, Section 2255 with the following exception:
>
> a. If this Court determines that defendant is subject to the provisions of Title 18 USC [sic] Section 924(e)(1) (Armed Career Criminal), defendant reserves the right to challenge such a finding and the resulting sentence through an appeal.
>
> The United States waives the right to appeal the sentence of Mr. Taylor if the actual term of imprisonment imposed is 92 months or greater. Both parties have the right during any appeal or collateral attack to argue in support of the sentence.

On May 14, 2007, the petitioner entered his plea in open court. At the time of his plea, the petitioner was fifty-three years old and had a twelfth grade education. The petitioner stated that he understood and agreed with all the terms and conditions of the plea agreement. The Court specifically asked the petitioner whether he understood the waiver of appellate and post-conviction relief rights, to which the petitioner responded that he did. The Court also advised the petitioner of the exception to the waiver, which permitted him to challenge a potential determination as an Armed Career Criminal ("ACC") and any concomitant sentence. The Court then reviewed all of the rights the petitioner was giving up by pleading guilty.

The petitioner advised the Court that his attorney had adequately represented him, and that his attorney had left nothing undone. The petitioner testified that he was in fact guilty of the crime to which he was pleading guilty.

At the conclusion of the hearing, the Court determined that the petitioner had made the plea freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime under Rule 11 had been established. The petitioner did not object to the Court's findings.

On August 9, 2007, the petitioner appeared before the Court for sentencing. Numerous objections were raised, and the Court heard extensive oral argument before announcing its tentative findings. After considering several factors, including the circumstances of both the crime and the petitioner, the sentencing objectives of punishment, and the petitioner's status as an ACC, the Court imposed a sentence of one hundred and eighty (180) months of imprisonment. The Court advised the petitioner that because the waiver of his appellate and post-conviction relief rights contained an exception permitting him to challenge a potential ACC finding and any concomitant sentence, and was further subject to the exceptions explained at his plea hearing, he had retained those rights insofar as they fell within the exceptions.

The petitioner filed a notice of appeal on August 20, 2007, contending that the district court erred in sentencing him as an ACC. On September 4, 2008, the judgment of the district court was affirmed by the United States Court of Appeals for the Fourth Circuit. The petitioner then filed for a writ of certiorari with the United States Supreme Court, which was denied.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file any objections, this Court reviews the report and recommendation for clear error.

## IV. Discussion

The petitioner's first four grounds for vacating his sentence involve an alleged error in the admission of the firearm into evidence because it was obtained in an unconstitutional automobile stop, allegedly insufficient evidence to convict him of possessing a firearm, an alleged promise by the government to permit the petitioner to enter into a conditional plea, and a claim that his plea was not knowing and voluntary because the Court did not adequately advise him of the mandatory minimum sentence he faced as an ACC. These claims are without merit because the petitioner knowingly, voluntarily, and intelligently entered into a plea agreement in which he affirmatively waived both his right to appeal and his right to raise collateral challenges.

A defendant who enters into a plea agreement which contains a waiver of the right to collaterally attack a sentence is valid if the defendant knowingly and voluntarily waived those rights as part of the plea agreement. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Such a waiver is also valid where collateral attacks are based upon claims of ineffective assistance of counsel which do not implicate the validity of the plea or the validity of the § 2255 waiver, or which do not relate directly to the plea agreement or the waiver. See Braxton v. United States, 358 F. Supp. 2d 497, 503 (W.D. Va. 2005). To determine the validity of a waiver of collateral-attack rights in a plea agreement, a court must examine the language of the waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. United States v. Blick, 408 F.3d 162 (4th Cir. 2005). A waiver of collateral-attack rights, however, does not apply to claims of ineffective assistance of counsel where the facts giving rise to the claim occurred after the defendant has entered a guilty plea. Lemaster, 403 F.3d at 732.

Thus, in evaluating the validity of the petitioner's collateral challenge to his sentence under § 2255, this Court must determine whether the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally challenge his sentence, and, insofar as the petitioner's collateral attack is based upon ineffective assistance of counsel, whether the claims of

7

ineffective assistance of counsel call into question the validity of the plea, the validity of the § 2255 waiver itself, or relate directly to the plea agreement or the waiver, and -- if they do not -- whether the events giving rise to the claim occurred before, during, or after the petitioner entered his guilty plea.

This Court finds that the petitioner entered into a valid collateral-attacks waiver. Based upon the waiver provision itself, the plea agreement as a whole, and the plea colloquy, this Court finds that the petitioner knowingly, intelligently, and voluntarily waived his right to seek post-conviction relief for all of the claims he raised in his § 2255 petition, except for his claims of ineffective assistance of counsel on the grounds that his counsel failed to adequately investigate the facts, failed to consult with the petitioner, did not investigate potential defenses, failed to reserve the right to appeal the District Court's adverse ruling on the petitioner's suppression motion, lied to the petitioner to get him to plead guilty by promising him a sentence of only 57-71 months, and that his counsel had a conflict of interest.

The United States Supreme Court decision <u>Strickland v. Washington</u> provides that an ineffective assistance of counsel claim must show that defense counsel committed such serious errors as to prejudice the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). A defendant who alleges ineffective assistance of counsel after entering a guilty plea must show a reasonable probability

8

that absent counsel's error, the defendant "would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The deficiency of counsel's performance is measured against an objective standard of reasonableness. Strickland, 466 U.S. at 687. Thus, the petitioner must show that his counsel's performance was objectively deficient to such an extent that the petitioner's defense was prejudiced and that but for his counsel's errors, the petitioner would not have entered into a plea agreement and would have insisted on having his case tried before a jury. Strickland also states that defense counsel has a duty to conduct a pretrial investigation that is [reasonable] under prevailing professional norms." Id. at 688. A decision not to investigate "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691. Further, counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

Absent clear and convincing evidence, statements made under oath expressly stating satisfaction with counsel are binding. Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A petitioner, such as Taylor, who alleges ineffective assistance of counsel after entering a guilty plea has a high burden of proof. The standard

9

requires that the petitioner "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The petitioner claims that counsel failed to consult extensively with him and investigate and evaluate the government's evidence. Specifically, the petitioner alleges that counsel failed to interview co-defendants and failed to object to allegedly contradictory statements made by the co-defendants. The magistrate judge found that the petitioner's allegations do not warrant relief because he failed to show that his counsel's conduct was deficient or prejudicial. This Court agrees. After reviewing the record, which includes a motion to suppress, a motion for issuance of subpoenas and service upon nine witnesses, and a motion for a expert investigator, it is clear that counsel made efforts to investigate, but that this investigation was rendered moot when the petitioner signed the plea agreement. Counsel never had the opportunity to impeach or cross-examine witnesses because the case never went to trial, and the only reason counsel could have failed to investigate or interview the witnesses was because the petitioner had already agreed to plead guilty. Additionally, the motion to suppress, the arguments at the motion hearing on April 3, 2007, and the additional brief in support of the motion all indicate that counsel did, in fact, investigate potential defenses.

The petitioner points to various purported discrepancies in the statements of his co-defendants, but failed to attach all of the exhibits he references. This Court agrees with the magistrate judge's conclusion that because the petitioner has failed to demonstrate that but for these alleged errors, the result of the proceeding would have been different, his claims must fail.

The magistrate judge also found that the petitioner's claim that his counsel failed to reserve the right to appeal the district court's adverse ruling on the suppression motion lacks merit and is unsupported by the record. This Court agrees that the petitioner was well aware that the entry of his plea reserved only the issue of his ACC determination and its sentence for appeal. During the Rule 11 colloquy, the petitioner stated that he understood all of the rights he was giving up by entering a plea, and he knowingly waived the right to appeal the suppression issue when he entered into this plea. As such, counsel had no basis on which to reserve the right to appeal the issue and cannot be found ineffective for not doing so.

This Court also finds the petitioner's argument that his counsel was ineffective for failing to give proper advice as to the sentence he would receive unpersuasive. Even if his counsel had misinformed him of his maximum possible sentence, "any misinformation [the petitioner] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus

11

[the petitioner] was not prejudiced." United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). At the Rule 11 hearing, the petitioner was repeatedly warned that an exact prediction of his sentence was impossible and that the ACC determination could subject him to a mandatory minimum fifteen-year sentence. The letter that the petitioner provides as proof that his lawyer lied to him about the length of his potential sentence actually reveals that his lawyer cautioned him about the fifteen-year minimum for an ACC. The letter also suggests that the petitioner's own failure to provide full and complete information to counsel regarding his prior criminal history contributed to counsel's inability to provide an accurate sentence prediction. Clearly, the petitioner's counsel was not ineffective in failing to accurately predict the sentence. The petitioner was made aware of the sentencing possibilities at the plea hearing and yet still entered his plea. Thus, the petitioner's claim is without merit.

Finally, the petitioner argues that his trial counsel had a conflict of interest. "To establish a conflict of interest resulted in ineffective assistance, '[m]ore than a mere possibility of conflict . . . must be shown.'" United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007) (quoting United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991)). Instead, the petitioner must show "(1) that his lawyer was under 'an actual conflict of interest' and (2) that his conflict 'adversely affected his lawyer's

performance.'" Id. (quoting Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)). Here, the petitioner provides no evidence in support of the existence of a conflict of interest, nor does he explain how this alleged conflict adversely affected his lawyer's performance. Having reviewed the magistrate judge's report and recommendation for clear error and finding none, this Court agrees with the magistrate judge that the petitioner's claim of ineffective assistance of counsel based upon a conflict of interest is merely a bare allegation. The petitioner has not shown that his attorney made any error. He has also failed to show that he was prejudiced in any way by an alleged failure of his counsel. The petitioner's claim must be denied as conclusory and lacking any factual support.

V. Conclusion

Because neither party has objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a

waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 14, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE